
BRODSKY MICKLOW BULL & WEISS LLP
Edward M. Bull III, State Bar No. 141966
Kurt Micklow, State Bar No. 113974
505 14TH Street, Suite 900
Alameda, California 94612
Telephone:    (510) 268-6180
Facsimile:    (510) 268-6181

Attorneys for Plaintiff
SONIA MOUNTJOY

KEESAL YOUNG & LOGAN
John D. Giffin, State Bar No. 89608
450 Pacific Avenue
San Francisco, CA 94133

Attorneys for Defendants
STAM SHIPPING SA
and
ACER MARITIME, INC.,

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONIA MOUNTJOY | Case No.: 2:18-CV-00075-TLN-JDP |
| Plaintiff, | |
| vs. | STIPULATION AND ORDER REGARDING MEDIATION, TRIAL PRESERVATION DEPOSITIONS AND EXPERT DISCOVERY |
| STAM SHIPPING SA; ACER MARITIME, INC., in personam; M/V CASSIOPEIA STAR, her engines, tackle, furniture, apparel, etc., in rem; DOES 1-10 | |
| Defendants. | |

Plaintiff SONIA MOUNTJOY and Defendants STAM SHIPPING SA and ACER MARITIME, INC. (the "Parties") hereby submit their Stipulation and Proposed Order Regarding Mediation, Trial Preservation Depositions and Expert Discovery and as follows:

WHEREAS the parties have filed their Joint Notice of Trial Readiness herewith, and have requested a trial date in December, 2021 or starting in or after March 2022; and

WHEREAS the parties have completed written discovery, percipient discovery depositions (including the deposition of Plaintiff and her supervisor), and an IME of Plaintiff; and

WHEREAS the parties are prepared to participate in and are currently working to schedule a "global" mediation with the parties herein, and the parties to a companion worker's compensation claim being prosecuted by Plaintiff under the Longshore and Harbor Workers Compensation Act (the "LHWCA); and

WHEREAS the statutory right of the employer in a LHWCA compensation claim to recover its lien for past benefits paid (currently exceeding $600,000 in the present action) from any recovery from any third party, and its right to grant or withhold its consent to any settlement of any third-party civil actions under the LHWCA, make it critical in such cases that the parties to both cases participate in any mediation or other settlement process; and

WHEREAS counsel for the employer in the LHWCA compensation case have only very recently advised the parties herein of their readiness to participate in a global mediation; and

WHEREAS Plaintiff had a multi-level cervical spinal fusion at UCSF Medical Center on November 27, 2019, underwent over a year of post-surgical complications and therapies, and has only recently become permanent and stationary (as related to her ability to return to her career in the longshore trade); and

WHEREAS the Parties have identified the few maritime worker witnesses who need to have their testimony preserved for trial (one or two foreign crew members and one or two longshore witness, at least one of whom has moved out of the state of California), and the parties agree the preservation of this witness testimony could likely be completed within 60- 90 days of the completion of the anticipated mediation; and

WHEREAS the Parties have identified the experts they wish to call at trial, have met and conferred, and anticipate that expert discovery could be completed within the same 60- 90 days of completion of the anticipated mediation; and

WHEREAS the Parties do not need to complete these final preservation depositions or expert discovery in order to participate in settlement efforts, and wish to avoid the expense of these final pre-trial efforts until after they have completed a global mediation and made all efforts to resolve both this action and the companion LHWACA claim; and

WHEREAS it does not appear that allowing the parties 90 days to complete these limited tasks after the completion a global mediation will result in any delay in the trial of this matter:

WHEREFORE the Parties stipulate, and hereby respectfully request that the Court allow the parties: (1) 60 days (until May 25, 2021) to complete a global mediation and (2) an additional 90 days thereafter (until August 23, 2021) to complete any preservation depositions and expert discovery.

SO STIPULATED:

DATED: March 26, 2021                        BRODSKY  MICKLOW BULL & WEISS  LLP

                                        By  /s/ Edward M. Bull III
                                            Edward M. Bull III
                                            Kurt Micklow

                                        Attorneys for Plaintiff
                                        SONIA MOUNTJOY

DATED: March 26, 2021                KEESAL YOUNG & LOGAN

                                     By   /s/ John D. Giffin
                                          John D. Giffin

                                     Attorneys for Defendants
                                     STAM SHIPPING SA and
                                     ACER MARITIME, INC.

## ORDER

Given that the parties plan to complete a global mediation before trial, and their wish to avoid incurring the expense of completing a limited number of preservation depositions and expert discovery, the Court finds that good cause exists to grant the parties: (1) 60 days (until May 25, 2021) to complete a global mediation and (2) an additional 90 days thereafter (until August 23, 2021) to complete any preservation depositions and expert discovery.

   IT IS SO ORDERED.

Dated:  March 31, 2021

                                     _____
                                     Troy L. Nunley
                                     United States District Judge