UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONIA MOUNTJOY, | No. 2:18-cv-00075-DAD-JDP |
| Plaintiff, | |
| v. | TENTATIVE PRETRIAL ORDER |
| STAM SHIPPING SA, et al., | |
| Defendants. | |

On July 18, 2023, the court conducted a final pretrial conference in this case. Attorney Edward M. Bull appeared as counsel for plaintiff. Attorney John D. Griffin appeared as counsel for defendants. Having considered the parties' joint pretrial statement and the views of the parties as expressed at the conference, the court issues this tentative pretrial order.

Plaintiff Sonia Mountjoy brings this personal injury action under the Longshore and Harbor Workers Compensation Act, 33 U.S.C. §901, *et. seq.*, against defendants Stam Shipping, SA and Acer Maritime, Inc. This action has been designated as an admiralty and maritime claim pursuant to Federal Rule of Civil Procedure 9(h) in the operative complaint.

I.   JURISDICTION/VENUE

Jurisdiction is predicated on 28 U.S.C. §§ 1331, 1332. Jurisdiction is not contested.

Venue is proper pursuant to 28 U.S.C. § 1391(b). Venue is not contested.

/////

1

II.     JURY

Both parties have demanded a jury trial. The jury will consist of eight jurors.

III.     UNDISPUTED FACTS

1. Plaintiff was born on August 31, 1956 and was 58 years old on the date of the accident alleged in her complaint. Plaintiff is a graduate of St. Mary's High School, Stockton, California, and attended San Joaquin Delta Junior College, Stockton, California. Plaintiff worked as a union longshoreman, and on all of her work her formal employer was the Pacific Maritime Association. However, plaintiff was assigned to work for various marine terminal operators, including Penny Newman Grain Co. ("Penny Newman"), Stevedore Services of America, Metropolitan Stevedore, and Ports America. Plaintiff is married, and her husband, Chris Mountjoy, also worked for the Port of Stockton at the time of the alleged accident.

2. On January 15, 2015, the CASSIOPEIA STAR was owned by defendant Acer Marine Inc. of Ajeltake Island, Majuro MH.

3. On January 15, 2015, the operator/manager of the CASSIOPIEA STAR was defendant Stam Shipping S.A., with its principal office in Piraeus, Greece.

4. On January 15, 2015, plaintiff was employed by Penny Newman as a Super Cargo assigned to the CASSIOPEIA STAR, which was in the process of loading or unloading cargo at the Port of Stockton. On that date plaintiff reported to her supervisor that she had slipped and fallen on the deck of the CASSIOPEIA STAR and was injured. An Accident Report and an Accident & Injury Investigation Form were completed by Penny Newman the same day. These reports were provided to the Captain of the CASSIOPEIA STAR, who issued a Letter of Protest.

5. The Accident & Injury Investigation Form does not state where on the ship plaintiff alleges that she fell.

6. The Accident Report states plaintiff stated she fell as she approached Hold # 4.

7. The fall alleged by plaintiff was not witnessed by anyone other than plaintiff.

8. Prior to the commencement of longshore operations, maintaining the paint and non-skid surface of the decks of the CASSIOPEIA STAR was the responsibility of the defendants.

2

9. After the commencement of longshore operations on the ship the longshore workers have active control over the areas of the ship where longshore work is taking place.

10. Plaintiff has undergone various medical treatments since her alleged accident including treatment by Alex Phan, M.D. with the Alpine Orthopedic Group in Stockton and Bradley Tourtlotte, M.D. in the occupational medicine and radiology group at Dameron Hospital in Stockton. Plaintiff has also undergone neuro-surgical consultations with David Bybee, M.D. of the Brain & Spine Institute in Modesto, and Sanjay Dhall, M.D with the UCSF Spine Center in San Francisco. Plaintiff underwent a multi-level cervical spinal fusion at UCSF Medical Center on November 27, 2019.

11. The events giving rise to this action and to the injury and damages alleged in plaintiff's complaint occurred at the Port of Stockton, California.

12. Plaintiff has not worked in a paid position since the alleged accident and has since taken a disability retirement from her union, the ILWU.

13. Plaintiff now lives in Idaho with her husband, a retired port director at the Port of Stockton.

IV. DISPUTED FACTUAL ISSUES

1. The condition on the deck of the CASSIOPEIA STAR at the time of the alleged accident, including whether or not defendants applied non-skid material to the deck in the area where the accident is alleged to have occurred.

2. Plaintiff's knowledge of the working conditions on the ship at the time of her alleged accident.

3. The extent that longshore operations altered the conditions on the deck of the ship.

4. The extent to which plaintiff's alleged accident was the result of her own acts and/or omissions.

5. Whether the plaintiff fell while working on the ship.

6. The nature and extent of the injuries suffered by plaintiff as a result of her alleged accident.

/////

   7. The extent of plaintiff's loss of earnings or earning capacity as a result of the alleged accident, including the extent of her residual earning capacity.

   8. The nature and extent of plaintiff's general damages.

   9. The cost of the medical care that plaintiff has incurred in the past and/or will with reasonable probability incur in the future as a result of plaintiff's alleged injuries.

   10. Plaintiff's wages and income.

V. DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE

  The parties have not yet filed motions *in limine*. The court does not encourage the filing of motions *in limine* unless they are addressed to issues that can realistically be resolved by the court prior to trial and without reference to the other evidence which will be introduced by the parties at trial. The parties anticipate filing the motions *in limine* below. Any motions *in limine* counsel elects to file shall be filed no later than **21 days before trial**. Opposition shall be filed no later than **14 days before trial** and any replies shall be filed no later than **10 days before trial**. Upon receipt of any opposition briefs, the court will notify the parties if it will hear argument on any motions *in limine* prior to the first day of trial.

  Plaintiff's Motions *in Limine*

   1. Motion *in limine* to preclude reference to plaintiff's longshore compensation claim or her receipt of longshore compensation benefits.

  Defendant's Motions *in Limine*

   1. Motion *in limine* regarding exhibits proposed by plaintiff.[1]

VI. SPECIAL FACTUAL INFORMATION

  Pursuant to Local Rule 281(b)(6), the following special factual information pertains to this action:

/////

---

[1] At the pretrial conference, defendants were directed to provide greater detail as to their anticipated motion *in limine* "regarding exhibits proposed by plaintiff" in their objections to this tentative pretrial order. The parties are also advised that failure to list a motion *in limine* in the final pretrial order will not preclude that party from filing such a motion in accordance with the briefing schedule set forth herein.

4

> The alleged accident occurred on January 15, 2015 on the deck of the CASSIOPEIA STAR. Plaintiff alleges that the incident was caused by the failure of the defendants to properly maintain the decks of the ship and a safe condition. Defendants alleged that the decks of the ship were properly maintained by the ship's crew and that a reasonably competent longshore worker could safely work on the ship. Plaintiff alleges defendant violated the ILWU/PMA Pacific Coast Maritime Safe Code. Defendants allege plaintiff violated the ILWU/PMA Pacific Coast Maritime Safe Code.
>
> Plaintiff was 58 years old on the date of her alleged accident. Plaintiff alleges that she suffered injuries to her head, neck, back and arms. Plaintiff has undergone various conservative medical care including physical therapy and underwent a multi-level cervical spinal fusion at UCSF Medical Center on November 27, 2019. Plaintiff had experienced no prior similar injuries prior to the alleged accident. Plaintiff's medical expenses to date are $96,837 and have all been paid by Penny Newman's Longshore compensation insurer. The parties anticipate that this will be the subject of testimony of plaintiff's treating physicians at the time of trial. Plaintiff contends that she is permanently disabled from her work as a longshore worker as a result primarily of her head and neck injuries. Plaintiff contends that she earned wages of $123,284 in 2013 and $126,547 in 2014, the two years before her accident, plus benefits. Plaintiff has had no earnings since her alleged accident. Plaintiff's economic expert will testify that her total loss of earnings, reduced to present value and net of taxes, amount to $1,243,671.

VII. **RELIEF SOUGHT**

    1.    Plaintiff seeks only compensatory damages, including loss of earnings and earning capacity, loss of past and future employment benefits, loss of pension benefits, past and future medical expenses, and general damages for past and future physical and mental pain and suffering.

VIII. **POINTS OF LAW**

The claim asserted in this action arises under federal law. Plaintiff's lone claim is brought against defendants Stam Shipping SA and Acer Maritime, Inc.

    1.    The elements of, standards for, and burden of proof in an admiralty and maritime negligence claim brought under 33 U.S.C. § 905(b).

Trial briefs addressing the points of law implicated by these remaining claims shall be filed with this court no later than **7 days before trial** in accordance with Local Rule 285.

/////

ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

IX.   ABANDONED ISSUES

None.[2]

X.   WITNESSES

Plaintiff's witnesses shall be those listed in **Attachment A**. Defendants' witnesses shall be those listed in **Attachment B**. Each party may call any witnesses designated by the other.

    A.   **The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria:**

        (1)   The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

        (2)   The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

    B.   Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses by filing a notice on the docket so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

        (1)   The witness could not reasonably have been discovered prior to the discovery cutoff;

        (2)   The court and opposing parties were promptly notified upon discovery of the witness;

        (3)   If time permitted, the party proffered the witness for deposition; and

---

[2] As discussed at the pretrial conference, defendants are directed to clarify in their objections to this tentative pretrial order which of their affirmative defenses, if any, have been abandoned. Any claims or affirmative defenses that the parties believe remain for trial must be listed in the points of law section above to be preserved for trial.

1         (4)    If time did not permit, a reasonable summary of the witness's testimony
2              was provided to opposing parties.

3  XI.    EXHIBITS, SCHEDULES, AND SUMMARIES[3]

Joint exhibits are listed in **Attachment C**. Plaintiff's exhibits are listed in **Attachment D**. Defendants exhibits are listed in **Attachment E**. No exhibit shall be marked with or entered into evidence under multiple exhibit numbers. All exhibits must be pre-marked as discussed below. At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2. Plaintiff's exhibits shall be listed numerically, and defendants' exhibits shall be listed alphabetically.

The parties must prepare three (3) separate exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above. Each binder shall have an identification label on the front and spine. The parties must exchange exhibits no later than **28 days before trial**. Any objections to exhibits are due no later than **14 days before trial**. The final exhibits are due **the Thursday before the trial date.** In making any objection, the party is to set forth the grounds for the objection. As to each exhibit which is not objected to, no further foundation will be required for it to be received into evidence, if offered.

**The court does not allow the use of undisclosed exhibits for any purpose, <u>including impeachment or rebuttal</u>, unless they meet the following criteria**

    A.    The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

        (1)    The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

/////

---

[3] Listing of exhibits as "Select Medical Records," or "Summary of Loss of Earning Capacity," or "Summary of Economic Loss" is not sufficiently specific. Accordingly, at the final pretrial conference, the parties were instructed to identify their listed exhibits with greater specificity (by Bates stamp number, by date, author, or other appropriate description) in their objections to this tentative pretrial order in order for the final pretrial order to eliminate any unnecessary disputes over the exhibits that each party intends to offer at trial. The parties are directed to provide this greater specificity in their objections to this tentative final pretrial order.

    (2)  The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph B, below.

  B.  Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits by filing a notice on the docket so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

    (1)  The exhibits could not reasonably have been discovered earlier;

    (2)  The court and the opposing parties were promptly informed of their existence;

    (3)  The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

XII. DISCOVERY DOCUMENTS

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than **14 days before trial**.

Defendant have indicated the intent to use the following discovery documents at trial:

1. Transcript of Deposition of Plaintiff
2. Transcript of Deposition of Robert Mentelas
3. Plaintiff's Responses to Defendants' Special Interrogatories
4. Pacific Maritime Association's Responses To Subpoena to Produce Documents

XIII. FURTHER DISCOVERY OR MOTIONS

None. Discovery and law and motion are closed under the scheduling order issued in this case. Any "perpetuation depositions" to be conducted at this point will be based solely on agreements between the parties. However, such agreements will not be enforceable by the court absent a motion for leave to modify the scheduling order.

XIV. STIPULATIONS

None.

XV.  AMENDMENTS/DISMISSALS

The *in rem* claim against defendant CASSIOPEIA STAR is hereby DISMISSED without prejudiced.

XVI. SETTLEMENT

The parties have participated in two formal mediation sessions and have a third mediation session scheduled. The parties are directed to immediately notify the court regarding any settlement that is reached between the parties.

XVII. JOINT STATEMENT OF THE CASE

The parties have agreed to the following joint statement of the case:

> This is longshore personal injury case relating to injuries allegedly suffered by Plaintiff on January 15, 2015, while employed as a "Super Cargo" assigned to the cargo ship CASSIOPEIA STAR, which was in the process of handling cargo at the Port of Stockton. The claim is based on the Longshore and Harbor Workers Compensation Act ("LHWCA"), 33 U.S.C. §1901, *et. seq.* Plaintiff alleges that she is permanently disabled from working in her chosen career on the Stockton waterfront, and that Defendants were negligent in the maintenance of the decks of the CASSIOPEIA STAR. Plaintiff seeks loss of earnings and earning capacity, medical expenses, and physical and mental pain and suffering damages. Defendants deny these allegations and dispute that any accident as alleged by the Plaintiff occurred. They assert that the ship, at all times, was properly maintained by the Ship's crew and that the ship was in such a condition that competent longshore workers could safely carry out their duties on the ship. Defendants also contend that Plaintiff's physical condition is due to pre-existing medical conditions and degenerative conditions which are not related to her work on the Vessel.

XVIII. SEPARATE TRIAL OF ISSUES

None.

XIX. IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

None.

XX. ATTORNEYS' FEES

No attorneys' fees are sought by either party.

XXI. TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS

None.

/////

XXII. <u>MISCELLANEOUS</u>

None.

XXIII. <u>ESTIMATED TIME OF TRIAL/TRIAL DATE</u>

Jury trial is scheduled for **September 25, 2023**, at 9:00 a.m. in Courtroom 4 before the Honorable Dale A. Drozd. Trial is anticipated to last up to 6 court days. The parties are directed to Judge Drozd's Standing Order in Civil Actions, available on his webpage on the court's website.

Counsel are directed to call Pete Buzo, courtroom deputy, at (916) 930-4016, one week prior to trial to ascertain the status of the trial date.

XXIV. <u>PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS</u>

The parties shall file any proposed jury *voir dire* to be conducted by the court **7 days before trial**. Counsel for each party will be limited to fifteen minutes of supplemental jury *voir dire*.

The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts. The parties shall file any such joint set of instructions **14 days before trial**, identified as "Joint Jury Instructions and Verdicts." To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due **14 days before trial**.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a Word document to dadorders@caed.uscourts.gov no later than **14 days before trial**; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed **7 days before trial**; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority. When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

XXV. <u>TRIAL BRIEFS</u>

As noted above, trial briefs are due **7 days before trial**.

XXVI. <u>OBJECTIONS TO PRETRIAL ORDER</u>

Each party is granted **14 days from the date of this order** to file objections to the same. Each party is also granted **7 days thereafter** to respond to the other party's objections. If no objections are filed, the order will become final without further order of this court.

The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 283 of this court, this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

IT IS SO ORDERED.

Dated:  **July 19, 2023**                          /s/ Dale A. Drozd
                                                                UNITED STATES DISTRICT JUDGE

**ATTACHMENT A**

Plaintiff's Witness List

1. Plaintiff Joy Mountjoy
2. Chris Mountjoy
3. Dwayne Sanders
4. Mike Edalgo
5. Robert Mentelos
6. Alex Phan, M.D.
7. Sanjai Dhall, M.D.
8. David Bybee, M.D.
9. Bradley Tourlotte, M.D.
10. Alice Martinson, M.D.
11. Chris Anslinger, PA
12. Kirstie Strelo, DPT
13. Melisa Estrada, PTA
14. Representatives (i.e., custodian of record) of Pine Street Physical and Occupational Therapy
15. Representatives (i.e., custodian of record) of Stockton Imaging
16. Representatives (i.e., custodian of record) of Valley MRI Radiology
17. Captain John M. Betz
18. Alejandro A. Calderon
19. Barry Ben-Zion, PhD

**ATTACHMENT B**

Defendants' Witness List

1. Sergiy D. Maltsev
2. Sergiy V. Kostov
3. Harry A. Khasigian, M.D.
4. Thomas Peatman, M.D.
5. Maria Brady
6. Eric Barnes
7. David Shoemaker
8. Robert Mentelos

**ATTACHMENT C**

Joint Exhibit List

| Ex. | Description |
|---|---|
| JX-1 | Accident Report (Plaintiff Ex. 2 & Mentelos Ex. 9) |
| JX-2 | Accident and Injury Investigation Form (STAM 3–5) |
| JX-3 | Master's Letter of Protest (STAM 8) |
| JX-4 | 2692 (STAM 1–2) |
| JX-5 | Deck Log (STAM 13–14) |
| JX-6 | Crew List (STAM 9–12) |
| JX-7 | Ship's Particulars (STAM 16) |
| JX-8 | General Arrangement Plan (Plaintiff Ex. 1) |
| JX-9 | Deck Operations Manual (STAM 17–22) |
| JX-10 | Plaintiff's W-2 Forms 2010–2015 (Plaintiff Ex. 5) |

**ATTACHMENT D**

Plaintiff's Exhibit List

| Ex. | Description |
|---|---|
| 1 | Aerial Photographs (4) Penny Newman |
| 2 | Photograph CASSIOPEA STAR |
| 3 | Photograph CASSIOPEA STAR deck (port) |
| 4 | Declaration of Dwayne Sanders |
| 5 | Declaration of Mike Edalgo |
| 6 | Pacific Marine Safety Code Rule 201 |
| 7 | Plaintiff's Social Security Earnings Report |
| 8 | Household Service Expense Chart |
| 9 | Rapeseed Meal Data Sheet |
| 10 | Photograph Sample Non-Skid Deck Coating |
| 11 | Select Medical Record Alex Phan, M.D. |
| 12 | Select Medical Record Sanjai Dhall, M.D. |
| 13 | Select Medical Record David Bybee, M.D. |
| 14 | Select Medical Record Brad Tourlotte, M.D. |
| 15 | Select Medical Record Alice Martinson, M.D. |
| 16 | Select Medical Record Chris Anslinger, PA |
| 17 | Select Medical Record Kirstie Strelo, DPT |
| 18 | Select Medical Record Melisa Estrada, PTA |
| 19 | Select Medical Record Pine Street PT |
| 20 | Select Medical Record Stockton Imaging |
| 21 | Select Medical Record Valley MRI Radiology |
| 22 | ILWU-PMA Benefit Plan Status Report |
| 23 | Sonia Montjoy Vital Information |

| 24 | Summary of Loss of Earning Capacity |
|----|-------------------------------------|
| 25 | Summary of Economic Loss |
| 26 | CV John Betz |
| 27 | CV Alejandro A. Calderon |
| 28 | CV Barry Ben-Zion, PhD |

**ATTACHMENT E**

Defendants' Exhibit List

| Ex. | Description |
|---|---|
| A | Transcript of Deposition of Plaintiff |
| B | Transcript of Deposition of Robert Mentelas |
| C | CV David Shoemaker |
| D | 08/26/21 Report by David Shoemaker |
| E | Vessel Photograph |
| F | Plaintiff's Worker's Compensation Claim Form |
| G | Plaintiff's Responses to Defendants' Special Interrogatories |
| H | CV Thomas Peatman, M.D. |
| I | Thomas Peatman, M.D. IME Report |
| J | Alpine Orthopedic Medical Group Medical Records |
| K | Dameron Hospital Medical Records |
| L | Dameron Hospital Knee Image Report |
| M | Darroch Brain Spine Institute Medical Records |
| N | Stockton MRI & Molecular Imaging Medical Center – Medical Records |
| O | UCSF Medical Center Medical Records 03/21/2019 to 04/09/2019 |
| P | UCSF Medical Center Medical Records 11/27/2019 to 11/30/2019 |
| Q | Genex Progress Report #14 |
| R | CV Maria Brady, M.S., C.R.S. |
| S | Vocational Consultation Report by Maria Brady |
| T | IME Report by Harry Khasigian, M.D. |
| U | IME Report by Alice Martinson, M.D. |
| V | IME Report by Thomas Peatman, M.D. |
| W | Pacific Maritime Association's Responses To Subpoena to Produce |

|   | Documents |
|---|---|
| X | CV Mark Cohen, M.S.M., M.A., C.E.A. |
| Y | Report by Mark Cohen Evaluating Plaintiffs Losses |
| Z | Pacific Coast Marine Safety Code (2014 Revision) |